**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

YUCHENG DING,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

</td><td>

No.   21-70263

Agency No. A095-876-740

MEMORANDUM*

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2024
Pasadena, California

Before:  SILER,** BEA, and IKUTA, Circuit Judges.

Yucheng Ding petitions for review of a Board of Immigration Appeals

(BIA) order affirming the decision of an Immigration Judge (IJ) that denied him

asylum, withholding of removal, and relief under the Convention Against Torture

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(CAT). We have jurisdiction to consider his legal challenge under 8 U.S.C. § 1252(a)(2)(D).

Because Ding applied for asylum and withholding in 2002, the credibility standard specified by the REAL ID Act of 2005, 8 U.S.C. § 1158(b)(1)(B)(iii), was not applicable, *see Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Therefore, the BIA erred by applying the REAL ID Act standard in reviewing the IJ's finding that Ding's testimony in support of his application for asylum and withholding was not credible. "[W]here the BIA applies the wrong legal standard to an applicant's claim, the appropriate relief from this court is remand for reconsideration under the correct standard, not independent review of the evidence." *Ornelas-Chavez v. Gonzalez*, 458 F.3d 1052, 1058 (9th Cir. 2006). We therefore grant the petition as to Ding's claims for asylum and withholding of removal, and remand to the BIA to reconsider those claims under the correct standard and with reference to "all of the evidence before it," *Antonio v. Garland*, 58 F.4th 1067, 1077 (9th Cir. 2023) (citation omitted), including the declarations submitted by Ding's wife and coworker regarding Ding's arrest, detention, and release.

Ding concedes that he did not appeal the denial of his CAT relief claim to the BIA, and does not argue he is entitled to relief. That claim is therefore

forfeited, *see Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020), and

we deny the petition for review as to CAT relief.

**PETITION GRANTED IN PART, DENIED IN PART, and**

**REMANDED.**